```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDITH G. DRAPER,
                                                **DECISION**
                    Plaintiff,                  **and ORDER**

                                                10-CV-6414
v.

NEW YORK STATE OFFICE OF PARKS,
RECREATION, AND HISTORIC PRESERVATION,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff Judith G. Draper, ("Draper") a former employee of the defendant New York State Office of Parks, Recreation, and Historic Preservation ("the Parks Department"), who retired in 2009, brings this action pursuant to Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. § 2000(e), et seq.) claiming that she was discriminated against on the basis of her gender and subjected to a hostile work environment. Specifically, plaintiff claims that from 1986 to 2002, she was subjected to disparate treatment from her supervisors, and that after 2002, she was subjected to a hostile work environment based on her gender.

Defendant moves for summary judgment against the plaintiff on grounds that plaintiff has failed to state a cause of action for a hostile work environment, and that her claims of disparate treatment are barred by the statute of limitations. For the reasons set forth below, I grant defendant's motion for summary judgment, and dismiss plaintiff's complaint with prejudice.

## BACKGROUND

Plaintiff Judith G. Draper was hired in 1978 by the defendant New York State Office of Parks, Recreation, and Historic Preservation as a park-police dispatcher at Letchworth State Park ("the park"), located in the Counties of Livingston and Wyoming, New York. In 1981, plaintiff was promoted to the position of "Park Worker III," a job which included groundskeeping and serving park visitors with checking in to campsites. Plaintiff also supervised youth employees of that park.

In 1986, plaintiff became employed as a Park Police Officer. During her employment as a Park Police Officer, plaintiff was supervised by Majors David Page ("Page") and Scott Ritchie ("Ritchie"). According to the plaintiff, Page and Ritchie discriminated against her on the basis of her gender by treating her differently than other police officers, all of whom were male. In 2001, after 15 years of employment as a police officer, plaintiff filed a complaint of discrimination against the Parks Department with the New York State Division of Human Rights claiming that she had been discriminated against on the basis of her gender and a disability. In 2002, plaintiff settled her discrimination claim with the State, and withdrew her administrative complaint. As part of the settlement, Draper agreed to return to civilian employment at the park, where she would no

longer be under the supervision of Majors Page or Ritchie.[1] Although plaintiff alleges that she was "pressured" into settling the dispute, she acknowledges that she did agree to withdraw the complaint and accept a position as a civilian employee at the park. Plaintiff further claims that although she was supposed to be payed "comparably" as a civilian employee, she was placed into a position that paid significantly less money than she received as a park police officer.

From 2002 to 2009, plaintiff remained employed as a civilian "Park Worker III" employee at Letchworth State Park. In 2009, after serving more than 30 years as a state employee, plaintiff accepted a "buyout" of $20,000, and retired from her position with a full pension. Plaintiff now claims, however, that she did not retire, but was constructively discharged as a result of a hostile work environment created by Page. In support of her claims of a hostile work environment, plaintiff contends that Page treated her with contempt while she was a park police officer, a position she held from 1986 through 2002. With respect to alleged actions Page took after 2002, when he was no longer Draper's supervisor,

---

[1] Although plaintiff alleges in her Complaint and in an Affidavit that "at all times relevant" her immediate supervisors were Page and Ritchie, there is absolutely no factual support in the record for this allegation. Rather, plaintiff acknowledged in her deposition that part of the reason she accepted the settlement of her discrimination claim and agreed to return to civilian employment at the park was to "get away" from supervision by Page and Ritchie. Deposition of Judith Draper at p. 26, lines 17-20. Plaintiff further stated that once she returned to civilian employment at the park she was supervised by Roland Beck and Kenneth Rorick, both of whom served as Park Managers, and who remained as her supervisors until the end of her employment in 2009. Id. p. 27.

plaintiff alleges that on one occasion, in July 2009, Page referred to her by her last name only when referencing her over the police dispatch system. Plaintiff further alleges that in August, 2009, Page walked past her in an office without making eye contact with her, and proceeded to talk to two other female park employees. Similarly, in 2008, at an Arts and Crafts show, Page allegedly walked right by Draper without acknowledging her. Deposition Testimony of Judith Draper at p. 36. In her deposition testimony, plaintiff alleged that sometime in either 2008 or 2009, Page "completely ignored" her at an office party. Deposition Testimony of Judith Draper at p. 30. On other occasions, approximately six times per year, Draper claims that if Page passed her while the two were driving separate vehicles, Page "would not wave to me unless I had a passenger with me." Deposition Testimony of Judith Draper at p. 36. According to the plaintiff, these incidents made working at the Parks department so intolerable that she was forced to retire in September, 2009. Thereafter, plaintiff filed an administrative complaint of employment discrimination with the EEOC, and subsequently filed the instant action in this court.

## DISCUSSION

I. Defendant's Motion for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show

that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).  If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  <u>Scott</u>, 550 U.S. at 380 (citing <u>Matsushita Elec. Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-587 (1986)).

    II.   <u>Plaintiff's Discrimination Claims are Without Merit</u>

    A.   <u>Hostile Work Environment</u>

Draper claims that she was subjected to a hostile work environment, and that as a result, she was forced to resign from her employment.  To state a claim of discrimination based on a hostile work environment, a plaintiff must establish the existence of a workplace that is "permeated with discriminatory intimidation, ridicule and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment."  <u>Torres v. Pisano</u>, 116 F.3d 625, 630-631 (2d. Cir.1997) (quoting <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993)).  "Conduct that is merely offensive and not severe or pervasive enough to create an objectively hostile or abusive work environment" will not establish

a Title VII discrimination claim. Torres, 116 F.3d at 631 (2d Cir.) (internal quotes omitted); Gallagher v. Delaney, 139 F.3d 338, 346 (2d Cir.1998) ("A reasonable person would have to find the environment hostile or abusive, and the victim must have subjectively so perceived it."). To establish the existence of a hostile work environment, "[T]here must be a steady barrage of opprobrious [discriminatory] comments." Snell v. Suffolk County, 782 F.2d 1094, 1103 (2d Cir.1986). The conduct alleged, however, does not need to be so severe as to cause severe emotional or physical distress. Harris, 510 U.S. at 21. Rather, conduct that "detract[s] from employees' job performance, discourage[s] employees from remaining on the job, or keep[s] them from advancing in their careers" may be actionable under Title VII. Harris, 510 U.S. at 21.

"Evaluating a hostile environment [claim] involves reviewing the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" Miller v. McHugh, --- F.Supp.2d ----, 2011 WL 4091466, *8 (S.D.N.Y., September 14, 2011)(quoting Harris, 510 U.S. at 23).

In the instant case, there is a total lack of evidence that plaintiff was subjected to a hostile work environment. Initially,

the court notes that the administrative complaint in this case was filed on May 28, 2010. Pursuant to the 300 day statute of limitations applicable to discrimination claims, any claims of discriminatory acts that occurred prior to July 31, 2009 are time barred absent proof of a continuous and concerted pattern of discrimination directed at the plaintiff. In this case, there is no proof of a pattern of discrimination against the plaintiff, and accordingly, any alleged discriminatory acts occurring prior to July 31, 2009 are time barred. Moreover, any allegations regarding plaintiff's employment as a park-police officer are barred not only by the statute of limitations, but by her voluntary settlement of those claims in 2002, and her voluntary withdrawal of her discrimination complaint made with the New York State Division of Human Rights. Accordingly, any claims regarding her employment as a park police officer are not cognizable in this case.

With respect to allegedly discriminatory acts that took place after July 31, 2009, plaintiff alleges only that Page, on one occasion, walked past her without making eye contact with her and engaged in conversation with two other female employees. Such conduct, quite obviously, does not constitute the creation of a hostile work environment, and the court is unable to conceive of any scenario in which counsel for the plaintiff could, in good faith, allege that this conduct created a hostile work environment. Even considering the allegations which fall just outside the

limitations period: that Page routinely failed to wave at her when driving past her on the road, that he ignored her at an office party and at a festival, and that he referred to her, on one occasion, by her last name only over a police dispatch system, there is simply no evidence whatsoever suggesting a claim for a hostile work environment.

Because plaintiff has failed to allege any acts which could be construed as creating a hostile work environment, I grant defendant's motion for summary judgment.

B.  Disparate Treatment

Plaintiff alleges that she was treated differently than male employees during her employment as a park police officer from 1986 to 2002. Specifically, she alleges that Page told her that the park police department was "no place for a woman," and that he subjected her to significantly greater scrutiny than given to male police officers. She claims that her assigned vehicle was taken away from her while a park-police officer.

As stated above, all of these claims are time barred, as all of the alleged acts took place prior to 2002. The actions are well outside of the statute of limitations, and the claims were resolved in a 2002 voluntary settlement with the Parks Department which occurred under the auspices of the New York State Division of Human Rights. Because Title VII permits recovery only for discriminatory conduct that occurred within 300 days of the plaintiff's filing of

a charge of discrimination with the EEOC, the conduct complained of here, which occurred more than 8 years prior to the filing of plaintiff's administrative complaint, is time barred, and thus fails to state a claim for discrimination. Accordingly, defendant's motion for summary judgment with respect to these claims granted.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiffs' Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
August 29, 2013